## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT ROBERTSON**                                                **CIVIL ACTION**

**VERSUS**                                                                      **NO. 18-75-JWD-RLB**

**BREC, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 16, 2018.

                                                                            _____
                                                                            **RICHARD L. BOURGEOIS, JR.**
                                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT ROBERTSON**                                             **CIVIL ACTION**

**VERSUS**                                                                      **NO. 18-75-JWD-RLB**

**BREC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The complaint in this matter was filed on January 29, 2018 against BREC and Dan M. Scheuermann claiming discrimination. In the complaint, plaintiff states that Attorney Dan M. Scheuermann filed a claim for him with the EEOC that was not true. However, plaintiff did not include a copy of the submission to the Equal Employment Opportunity Commission ("EEOC"). Plaintiff paid the $400.00 filing fee when plaintiff filed the complaint on January 29, 2018. However, plaintiff did not submit summons and addresses for the defendants when plaintiff submitted his complaint. The Clerk informed plaintiff when he filed the complaint that plaintiff is responsible for submitting the summons and addresses for the defendants and for service on the defendants.

Having not complied with those instructions, on February 28, 2018 the undersigned ordered Plaintiff, by March 19, 2018, to submit the summons and addresses for the defendants in order for the Clerk to issue process to the defendants. (R. Doc. 2). Plaintiff was reminded that he is responsible for service of summons and complaint on the defendants. Plaintiff filed a response on March 15, 2018 (R. Doc. 3) in which he provides addresses for the defendants, but the Clerk notified the Court that as of June 14, 2018, plaintiff had not submitted the summons.

Plaintiff was then ordered to show cause, in writing, why his claims asserted against the defendants should not be dismissed because of his failure to submit summons for the defendants

and serve those defendants within the time allowed by Fed. R. Civ. P. Rule 4(m). (R. Doc. 4). The deadline for Plaintiff to make a submission to the Court was on or before June 28, 2018.

Plaintiff provided no explanation to the Court as to why he had not timely made service in accordance with the Federal Rules of Civil Procedure. Plaintiff did, however, on June 22, 2018, submit summons to the Clerk's Office which were issued that same day.

Although the summons have been issued, Plaintiff has still failed to file proof of service into the record. On July 19, 2018, the Court issued an order granting Plaintiff an extension of 21 days from the date of the order to file proof of service into the record. The Court informed Plaintiff that failure to do so would result in a recommendation that this matter be dismissed, without prejudice, due to Plaintiff's failure to serve defendant(s) within the time allowed.

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Plaintiff was specifically put on notice on June 21, 2018, that "a failure to file a written response to this Order within the time allowed may result in the dismissal of his claims against the defendants without further notice from the Court." In addition, on July 19, 2018, Plaintiff was informed that failure to file proof of service into the record would result in a recommendation that this matter be dismissed, without prejudice, due to failure to serve within the time allowed.

As of the date of this report and recommendation, Plaintiff has failed to submit any proof of service and failed to make any response to the undersigned's show cause order explaining why he has failed to comply with Rule 4(m).

Local Rule 41(b)(1)(A) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 120 days after filing of the complaint."  It has now been over 190 days since the filing of the complaint and no service of process has been made.  Plaintiff failed to file proof of service into the record of this matter.

As a practical matter, the case cannot proceed against a defendant if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case.  Plaintiff's failure to prosecute his own claims effectively deprives a defendant of the opportunity to defend itself from the allegations made against it.  The plaintiff has repeatedly failed to respond to court orders, and has failed to prosecute this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute.

Signed in Baton Rouge, Louisiana, on August 16, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**