# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBERT ROBERTSON

VERSUS

DAN M. SCHEUERMANN

CIVIL ACTION

NO. 18-75-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the Second Motion to Dismiss (Doc. 16) filed by defendant Dan Scheuermann ("Defendant" or "Scheuermann"). What the Court construes as an opposition was filed by *pro se* plaintiff Robert Robertson ("Robertson" or "Plaintiff"). (Doc. 18.) For the following reasons, the motion is granted in part and the case is dismissed without prejudice.

## I. PROCEDURAL BACKGROUND

Robertson filed suit against Baton Rouge BREC ("BREC") and Scheuermann on January 29, 2018. (Doc. 1.) While it is not entirely clear, it appears from the Complaint that Plaintiff claims that BREC discriminated against him by hiring a white man and also failed to pay him overtime. (Doc. 1 at 1-2.) His claim against Scheuermann appears to be one of legal malpractice, Plaintiff alleging that he paid Scheuermann $5,000 to represent him in the employment discrimination suit and that Scheuermann filed a claim on his behalf with the Equal Employment Opportunity Commission ("EEOC") that was untrue. (*Id.*)

On August 16, 2018, the Magistrate Judge recommended dismissing Plaintiff's case for failing to follow multiple orders to file proof of service into the record. (Doc. 8.) The following day, Scheuermann filed a Motion to Dismiss (Doc. 9), which Plaintiff opposed on August 27, 2018. (Doc. 11.) Scheuermann filed a reply brief on August 28, 2018. (Doc. 12-3.) When

Plaintiff failed to timely object to the Report and Recommendation, the Court, on November 2, 2018, adopted in part and rejected in part the recommendation and dismissed Plaintiff's claims against BREC. (Doc. 15.)

In the meantime, on October 30, 2018, the Court denied without prejudice Scheuermann's Motion to Dismiss for failing to provide the Court with legal authority supporting his motion. (Doc. 14.) On November 11, 2018, Scheuermann filed the Second Motion to Dismiss.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). . . .
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Mississippi,* the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. 346, 346–47 (2014) (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant

evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (quoting *Barber v. Bristol-Myers Squibb*, Civil Action No. 09-1562 (W.D. La. 2010)).

More recently, in *Thompson v. City of Waco, Texas,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

### C. Plaintiff's Status as *Pro Se* Litigant

"In considering whether to dismiss, a judge must hold a pro se party's complaint to a 'less stringent standard' than used when examining complaints filed by counsel." *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). "Nonetheless, pro se litigants, like all other parties, 'must abide by' the rules that govern the federal courts." *Id*. (quoting *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

### III. PARTIES' ARGUMENTS

Scheuermann argues that the Court lacks subject matter jurisdiction in that the case against him is one for legal malpractice, a state law claim. (Doc. 16-1 at 1-4 and 6.) "Importantly, the only claim Robertson raised is a state law claim over which the federal court [has] no jurisdiction." (*Id.* at 6.) Second, Scheuermann contends that the claim has prescribed having been filed well after a year from Scheuermann's alleged malpractice. (*Id.* at 4-5.) Finally,

he asserts that this case is barred by res judicata and points to a Baton Rouge City Court, Small Claims Division case brought by Robertson arising out of the same facts which was resolved in Scheuermann's favor. (*Id.* at 5-6, citing to Docs. 9-4 and 9-5.)

In his opposition, Robertson re-urges and elaborates upon the cryptic claim made in his complaint, namely that Scheuermann lied about having met with the EEOC (Doc. 18 at 8) and "lied saying he filed a case for me in court [and] [h]e lied about the case with the City Parish A.C.L.U. and N.A.A.C.P. refuse to help me." (*Id.*) He also alleges breach of contract and sues for a return of the $5,000 he allegedly paid Scheuermann. (*Id.* at 12.) Generally, he claims Scheuermann mishandled his discrimination claim. (*Id.* at 12-13.) Robertson also attaches documents showing that his contract with Scheuermann was signed on July 2, 2009 (*Id.* at 7), and his complaints about Scheuermann's legal services began as early as 2011. (*Id.* at 4-5, 9, 11-14, 17.)

## IV. DISCUSSION

When Robertson filed his complaint, he alleged that BREC discriminated against him in violation of federal law. (Doc. 1.) He additionally alleged that BREC failed to pay him overtime, also a violation of federal law. Thus, federal jurisdiction was properly invoked and his claim against Scheuermann arising under state law for the alleged mishandling of those claims was properly within the supplemental jurisdiction of this Court. 28 U.S.C. § 1367. However, because the sole federal claims were dismissed on November 2, 2016, the Court may, in its discretion, properly dismiss the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir 1990).

In exercising discretion in favor of dismissal, the Court has considered the following: first, this case was filed approximately one year ago, and, during that time, no discovery has

taken place. The matter is not set for trial. In addition, while the Court is not ruling as such, the case against Scheuermann appears to have prescribed and, furthermore, appears to have been previously resolved in favor of Scheuermann in Baton Rouge City Court.

## V. CONCLUSION

For these reasons, **IT IS ORDERED** that Scheuermann's Second Motion to Dismiss (Doc. 16) is **GRANTED IN PART**, and Robertson's suit is **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on <u>January 3, 2019</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**